# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### February 25, 2015 Session

## IN RE CONSERVATORSHIP OF KAREN KLYCE SMITH

**Appeal from the Probate Court for Shelby County**
**No. B16097     Karen D. Webster, Judge**

—————————————————

### No. W2014-01044-COA-R3-CV – Filed March 19, 2015

—————————————————

The substantive issue in this case is whether the decedent was a domiciliary of Tennessee or Texas at the time of her death. Because Appellant was not an original party and did not file a motion to intervene in this case, we dismiss this appeal for lack of standing and remand the case for further proceedings as are necessary and consistent with this Opinion.

**Tenn. R. App P. 3; Appeal of Right: Appeal Dismissed and Remanded**

ARNOLD B GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S. and BRANDON O. GIBSON, J., joined.

Edward T. Autry, Memphis, Tennessee, for the appellant, Virginia Klyce Minervini.

Irma Merrill Stratton, Memphis, Tennessee, for the appellees, Walter B. Klyce, Jr. and Esther Klyce Pearson.

### MEMORANDUM OPINION[1]

This is a dispute over the assets of the estate of Karen Klyce Smith ("Ms. Smith"), who was the ward of a conservatorship established by the Probate Court of Shelby County, Tennessee, in 1990. That conservatorship remained open until January 2014. In 2004, Ms. Smith moved to a treatment facility in Texas. She moved back to Memphis for

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

treatment at Baptist Memorial Hospital in 2011, and she later died in August 2011 at a nursing and rehabilitation center in Memphis, Tennessee. Appellees Esther Klyce Pearson ("Ms. Pearson"), Ms. Smith's mother, and Walter B. Klyce, Jr., ("Mr. Klyce"), Ms. Smith's brother and conservator[2] contend that Ms. Smith was a domiciliary of Tennessee at the time of her death and that Tennessee intestate succession laws accordingly govern the disposition of her assets. Appellant Virginia Klyce Minervini ("Ms. Minervini"), Ms. Smith's sister, asserts that Ms. Smith was a domiciliary of Texas at the time of her death and that Texas intestate succession laws accordingly govern the disposition of Ms. Smith's assets.[3]

Following Ms. Smith's death, in November 2011 Mr. Klyce filed a petition in the Shelby County Probate Court to be appointed administrator of Ms. Smith's estate. In his petition, Mr. Klyce stated that Ms. Smith died intestate, was not married, and that Ms. Pearson was the recipient of Ms. Smith's property under the Tennessee intestate succession statutes.[4] Ms. Pearson filed a declination to serve as administrator and requested that Mr. Klyce be appointed.

In March 2013, the trial court approved the conservatorship accounting filed by Mr. Klyce. In its order, the trial court noted that Mr. Klyce had filed pleadings seeking to open an estate in Texas but that no administrator had been appointed in Texas. However, the trial court determined that Ms. Smith was a resident of Tennessee at the time of her death and was, therefore, domiciled in Tennessee, and ordered Mr. Klyce to transfer the conservatorship assets to the pending estate in Tennessee. The court found that the Conservatorship assets are assets of a Tennessee decedent and so are assets of the Tennessee probate estate.

Ms. Minervini filed a notice of appeal to this Court. In September 2013, after reviewing the record transmitted from the trial court, we directed Ms. Minervini to submit a statement addressing the basis of her standing to appeal the trial court's March 2013 order. We also directed Mr. Klyce to submit a response to Ms. Minervini's statement. We eventually dismissed the appeal for lack of a final judgment because the trial court had not yet considered a final accounting, released the conservator, closed the conservatorship, or made its order final pursuant to Tennessee Rule of Civil Procedure 54.02.
In our order of November 19, 2013, however, we stated

---

[2] The Probate Court of Shelby County appointed Mr. Klyce conservator of Ms. Smith's person and property in September 2004. He remained Ms. Smith's conservator until her death in 2011.

[3] Under Texas intestate succession laws, Ms. Minervini apparently would inherit a portion of Ms. Smith's estate.

[4] It is undisputed that Ms. Smith had no children.

Appellant submits that she has standing in this appeal[] because the trial court's order adversely affected her property rights by denying her "even the opportunity to argue the issue of domicile." Moreover, Appellant urges the Court to utilize the "more lenient" standard of permitting close relatives to challenge conservatorship proceedings. In this matter, however, Appellant was not a party to the trial court proceedings and had not filed any pleadings with the trial court. Thus, there was simply no basis upon which she could properly appeal the trial court's order of March 5, 2013.

Mr. Klyce filed a final accounting on December 9, 2013. The clerk filed his report on December 17, 2013, and took no exceptions to the accounting. On January 27, 2014, the trial court entered an order confirming the final accounting, relieving Mr. Klyce of any further duties as conservator, and closing the conservatorship. Ms. Minervini filed a notice of appeal on February 24, 2014.

In her brief, Ms. Minervini asserts that the trial court erred in its determination that Ms. Smith was a domiciliary of Tennessee at the time of her death. Mr. Klyce and Ms. Pearson, on the other hand, deny the allegation of error. They also assert that Ms. Minervini does not have standing to bring this appeal and that she is attempting to challenge the trial court's determination of Ms. Smith's domicile for the first time on appeal.

Upon review of the record, we repeat our November 2013 observation that Ms. Minervini was not a party to the proceedings in the probate court. We find no motion to intervene filed by Ms. Minervini, nor does she reference one in her brief. Further, in her reply brief, Ms. Minervini does not dispute that she did not move to intervene in the trial court proceedings. Rather, she asserts that, under Tennessee Code Annotated § 34-1-101(3), she had standing to participate in the conservatorship proceedings. Assuming, without so holding, that Ms. Minervini had standing to participate in the proceedings in the probate court, she simply failed to properly intervene in the matter. Regardless of whether she may have had standing to intervene in the trial court, because she failed to do so, she does not have standing to maintain this appeal.

In her reply brief, Ms. Minervini asserts:

There is no procedural rule or case law to support Petitioners' argument that Sister "is not entitled to relief on appeal" because she did not file a motion to intervene, a motion for a hearing, or a motion for relief sought pursuant to Tennessee Rules of Civil Procedure 59 and 60. These are but options the Tennessee legislature adopted and made available to litigants. How a party desires to handle their case is left to their discretion. There was no evidentiary proceeding to allege the trial court's error in its March 5 Order; that is precisely the objective of this appeal. The fact that [Ms. Minervini] could have filed a motion, as suggested by Petitioners, does not now preclude from her the opportunity to appeal the issue to

3

> this Court. Whether the form of redress sought by [Ms. Minervini] is "best" is not for Petitioners to speculate.

Ms. Minervini cites no case law to support the proposition that a person who is not made a party to an action in the trial court has standing to appeal the trial court's judgment to this Court, however, and we find none. On the contrary, it is well-settled that a person who is not a party to an action in the trial court does not have the authority or standing to file a notice of appeal in that action. *E.g., Dry v. Steele*, No. E2013–00291–COA–R3–CV, 2014 WL 295777, at *6 (Tenn. Ct. App. Jan. 28, 2014); *Reynolds v. Tognetti*, No. W2010–00320–COA–R3–CV, 2011 WL 761525, at *7 (Tenn. Ct. App. Mar. 4, 2011).

## Holding

In light of the foregoing, the issues raised on appeal are pretermitted, and this appeal is dismissed for lack of standing. Costs on appeal are taxed to Virginia Klyce Minervini, and her surety, for which execution may issue if necessary. This matter is remanded to the trial court for the collection of costs and further proceedings as may be necessary and as are consistent with this opinion.

_____
ARNOLD B. GOLDIN, JUDGE

4